■ In the Matter of ALLYN REALTY CORP., Appellant, v ROBERT E. HERMAN, as Assistant Commissioner, State Rent Administration, New York State Division of Housing and Community Renewal, Respondent.—In a proceeding pursuant to CPLR article 78 to review seven determinations of the respondent that certain rents charged by petitioner were excessive under the Tenant Protection Regulations and the Emergency Tenant Protection Act of 1974, petitioner appeals from a judgment of the Supreme Court, Nassau County, entered December 11, 1975, which denied its application

and dismissed the petition. Judgment reversed, without costs or disbursements, and proceeding remanded to Special Term for a hearing and a new determination in accordance herewith. Since Special Term's construction of the special guidelines promulgated by the Nassau County Rent Guidelines Board admittedly does not adhere to the literal meaning of the words used by the board, there has to be a showing that a literal interpretation would yield an absurd result (see *Matter of 89 Christopher v Joy,* 44 AD2d 417, mod on other grounds 35 NY2d 213). There must be some factual or numerical evidence of such result, not merely an unsupported statement as to the legislative intent in the enactment of the statute. Accordingly, at the hearing to be held hereon, Special Term shall take evidence as to the impact of the literal meaning of the guidelines on the state of housing and rents in the Village of Great Neck Plaza and the Village of Thomaston. Such evidence should consist of facts and figures as to the number of apartments affected, as well as documentary evidence of the board's intent in issuing the guidelines, and any other relevant proof. Rabin, Acting P. J., Shapiro, Titone and O'Connor, JJ., concur.